ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
shawnw@rgrdlaw.com
    – and –
ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY OF PONTIAC POLICE AND FIRE RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>   vs.<br><br>SOLENO THERAPEUTICS, INC., et al.,<br><br>                Defendants. | Case No. 3:26-cv-01979-EMC<br><br><u>CLASS ACTION</u><br><br>NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>DATE:       June 18, 2026<br>TIME:       1:30 p.m.<br>CTRM:    5, 17th Floor<br>JUDGE:   Hon. Edward M. Chen |

4934-2394-8712.v1

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on June 18, 2026 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 5, 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102 before the Honorable Edward M. Chen, class members The Firemen's Retirement System of St. Louis and City of Baton Rouge and Parish of East Baton Rouge Employees' Retirement System (collectively, the "Public Pension Funds") will and hereby do move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order appointing the Public Pension Funds as Lead Plaintiff and approving the Public Pension Funds' selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.  This Motion is made on the grounds that the Public Pension Funds are the most adequate plaintiff to serve as lead plaintiff in the action.  In support of this Motion, the Public Pension Funds submit herewith a Memorandum of Points and Authorities and the Declaration of Kenneth P. Dolitsky ("Dolitsky Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The above-captioned securities fraud class action was filed on behalf of purchasers or acquirers of Soleno Therapeutics, Inc. ("Soleno" or the "Company") common stock between March 26, 2025 and November 4, 2025, inclusive (the "Class Period") asserting claims under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

Pursuant to the PSLRA, the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  The Public Pension Funds should be appointed as lead plaintiff because they: (1) timely filed this Motion; (2) have the largest financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Public Pension Funds' selection of Robbins Geller to serve as lead counsel should be approved because the Firm possesses extensive

experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should appoint the Public Pension Funds as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

2.    Whether the Court should approve the Public Pension Funds' selection of Robbins Geller as Lead Counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## III.    STATEMENT OF FACTS

Headquartered in Redwood City, Soleno is a biopharmaceutical company focused on developing novel therapeutics for the treatment of rare diseases.  Soleno's only commercial product is diazoxide choline extended-release tablets ("DCCR") for the treatment of hyperphagia in individuals afflicted with Prader-Willi syndrome ("PWS").  Soleno's common stock trades on the NASDAQ under the ticker SLNO.

Filed by the Public Pension Funds' counsel, the lawsuit alleges defendants throughout the Class Period failed to disclose that: (i) the Soleno Phase 3 clinical trial program for DCCR had systematically downplayed, misrepresented, and/or concealed significant evidence of safety concerns potentially related to the administration of DCCR, including issues related to excess fluid retention in clinical trial participants; (ii) as a result, the administration of DCCR to treat hyperphagia in individuals with PWS posed materially greater safety risks than disclosed by Soleno or its executives; and (iii) consequently, DCCR had materially lower commercial viability and undisclosed risks related to the likelihood of significant and widespread adverse events after its commercial launch, including risks related to patient discontinuation rates, lower patient adoption, prescriber reluctance, adverse regulatory action, and potential reputational and legal fallout.

On August 15, 2025, Scorpion Capital LLC published a critical report regarding Soleno, DCCR, and Soleno's Phase 3 clinical trial program, titled "Russian Roulette With Prader-Willi Children: How The Latest Rare Disease Price-Gouging Scheme Fleeced the FDA, Parents, And Its Own Study Investigators With A Worthless, Toxic Drug; Suspect Data; And Sham Clinical Trials

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 3:26-cv-01979-EMC                                                    - 2 -
4934-2394-8712.v1

To Push A $500K/Year Knockoff Of A 50-Year-Old Generic Compound – Triggering One Of The Worst Launch Failures And Safety Catastrophes In Post-Approval History." On this news, the price of Soleno common stock declined nearly 12% over two trading days.

Then, on September 10, 2025, Soleno filed with the U.S. Securities and Exchange Commission a current event report on Form 8-K disclosing that a patient had died after taking DCCR. On this news, the price of Soleno common stock declined approximately 19% over two trading days.

Finally, on November 4, 2025, Soleno reported its financial results for its third fiscal quarter ended September 30, 2025, revealing that the Scorpion Capital Report had caused a "disruption" in DCCR's launch trajectory and concerns within the PWS community, with a lower number of patient start forms and increased discontinuations beginning after the report's publication. On this news, the price of Soleno common stock declined approximately 27%.

As a result of defendants' alleged wrongful acts and omissions and the decline in the value of Soleno common stock, the Public Pension Funds and other class members have suffered significant losses and damages.

## IV.    ARGUMENT

### A.    The Public Pension Funds Are the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedures for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or the group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 3:26-cv-01979-EMC - 3 -
4934-2394-8712.v1

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). The Public Pension Funds meet each of these requirements and should be appointed Lead Plaintiff.

### 1.    This Motion Is Timely

The statutory notice of this action was published by counsel for the Public Pension Funds on *Globe Newswire* on March 6, 2026, advising class members of the pendency of the action, the class definition and period asserted therein, and the right to move the Court to be appointed as lead plaintiff by May 5, 2026. *See* ECF 9-1. Because this Motion is being filed on May 5, it is timely and the Public Pension Funds are entitled to be considered for appointment as lead plaintiff.

### 2.    The Public Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their PSLRA Certifications and loss chart, the Public Pension Funds suffered approximately $272,127 in losses as a result of defendants' alleged misconduct. *See* Dolitsky Decl., Exs. A-B. Therefore, the Public Pension Funds have a substantial financial interest in the relief sought by the class.

### 3.    The Public Pension Funds Are Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At the lead plaintiff stage, courts primarily focus on the typicality and adequacy requirements of Rule 23. *See Xu v. FibroGen, Inc.*, 2021 WL 3861454, at *7-*9 (N.D. Cal. Aug. 30, 2021) (Chen, J.) (evaluating typicality and adequacy).

The test of typicality under Rule 23(a)(3) is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). "'The test for adequacy asks whether' 'the movant and its counsel have any conflicts of interest with other class members'

and whether 'the movant and its counsel [will] prosecute the action vigorously on behalf of the class.'" *Xu*, 2021 WL 3861454, at *7 (citation omitted).

The Public Pension Funds are typical of the class they seek to represent because, like all class members, they: (1) purchased Soleno common stock; (2) were adversely affected by the alleged wrongdoing; and (3) suffered harm when defendants' alleged misconduct was revealed. *See* Dolitsky Decl., Exs. A-B. In other words, the Public Pension Funds' claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members.

As to adequacy, the Public Pension Funds have a substantial stake in the outcome of the case, providing the requisite incentive to vigorously represent the class's claims, and the Public Pension Funds' interests are aligned with the interests of the putative class. They have also amply demonstrated their adequacy by submitting a Joint Declaration affirming the Public Pension Funds' ability, willingness, and plan to jointly prosecute this case on behalf of the putative class. *See* Dolitsky Decl., Ex. C. For example, the Joint Declaration establishes that before deciding to move for lead plaintiff together, the Public Pension Funds conferred regarding the merits of the claims, the lead plaintiff process, their respective Soleno investments, the responsibilities of serving as lead plaintiff, and the strengths of seeking appointment as a group. *See id.* at ¶9. They agreed to protocols for jointly prosecuting the case and that they will coordinate to exercise joint decision-making on litigation matters as appropriate. *See id.* As experienced institutional investors with a proven record of recovering more than $100 million for class members in cases where they have served as lead plaintiff as part of a small group of similarly situated institutions, the Public Pension Funds are precisely the sort of lead plaintiff whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See generally In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."); *Shenwick v. Twitter, Inc.*, 2016 WL 10672428, at *2 (N.D. Cal. Dec. 22, 2016) ("Congress 'intended that the lead plaintiff provision would encourage institutional investors to take a more active role in

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 3:26-cv-01979-EMC                                                                                     - 5 -
4934-2394-8712.v1

securities class action lawsuits'") (citation omitted).  And, as discussed below, the Public Pension Funds have selected qualified counsel experienced in securities litigation.

Accordingly, the Public Pension Funds satisfy the Rule 23 inquiry.

### B.    The Court Should Approve the Public Pension Funds' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class.  *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35.  The Public Pension Funds have selected Robbins Geller as lead counsel in this case.[1]

Robbins Geller, a 200-attorney nationwide law firm with an office in this District, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country have noted Robbins Geller's reputation for excellence and appointed Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  Most notably, in late 2023, Judge Tigar granted final approval of the $809.5 million settlement achieved by Robbins Geller and co-counsel in a securities fraud case against Twitter Inc.  *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.).  The settlement in *Twitter* is the largest securities fraud class action recovery in more than a decade in the Ninth Circuit and the second-largest ever in this Circuit.  And in just the last two years, lead plaintiffs represented by Robbins Geller as lead counsel have obtained final approval of securities class action settlements of more than $800 million in this District.  *See In re Apple Inc. Sec. Litig.*, No. 4:19-cv-02033-YGR, ECF 445 (N.D. Cal. Sept. 18, 2024) (order approving $490 million settlement on behalf of Apple investors); *In re Alphabet, Inc. Sec. Litig.*, No. 3:18-cv-06245-

---

[1]    For a detailed description of Robbins Geller's track record, resources, and other attorneys, please *see* https://www.rgrdlaw.com/.  An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW
IN SUPPORT THEREOF - 3:26-cv-01979-EMC                                                                    - 6 -
4934-2394-8712.v1

TLT, ECF 245 (N.D. Cal. Sept. 30, 2024) (order approving $350 million settlement on behalf of Alphabet investors).

Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Court can be assured that by granting this Motion, the class will receive the highest caliber of legal representation. Accordingly, the Public Pension Funds' selection of lead counsel is reasonable and should be approved.

## V.      CONCLUSION

The Public Pension Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Public Pension Funds respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Lead Counsel.

DATED: May 5, 2026                              Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP


                                                        s/ Kenneth P. Dolitsky
                                                KENNETH P. DOLITSKY

---

[2]      *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 3:26-cv-01979-EMC                                            - 7 -
4934-2394-8712.v1

DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
shawnw@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW
IN SUPPORT THEREOF - 3:26-cv-01979-EMC                                                            - 8 -
4934-2394-8712.v1