ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
shawnw@rgrdlaw.com
      – and –
ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY OF PONTIAC POLICE AND FIRE RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> SOLENO THERAPEUTICS, INC., et al., <br><br> Defendants. | Case No. 3:26-cv-01979-EMC <br><br> <u>CLASS ACTION</u> <br><br> THE PUBLIC PENSION FUNDS' OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS <br><br> DATE: June 25, 2026 <br> TIME: 1:30 p.m. <br> CTRM: 5, 17th Floor <br> JUDGE: Hon. Edward M. Chen |

4904-4972-2797.v1

## I.    INTRODUCTION

Two lead plaintiff movants filed motions for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): the Public Pension Funds (ECF 21) and Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") (ECF 29). The PSLRA requires each movant to certify under penalty of perjury all of its class period transactions in the subject security.  Oklahoma Firefighters' original Certification included four transactions that, by its own admission, "were not executed by Oklahoma Firefighters."  ECF 36 at 1.  Either Oklahoma Firefighters' Executive Director reviewed the attached transaction schedule before signing and failed to recognize that four listed trades never happened, or he did not review it at all before certifying its accuracy.  Either way, this is not merely a failure to establish adequacy – it is affirmative evidence of inadequacy.

The corrected Certification Oklahoma Firefighters strategically filed 13 days later (one day before the opposition deadline), does not cure the problem.  The majority of courts refuse to consider post-deadline certification modifications, and a further defect is not timing but substance: at no point did Oklahoma Firefighters comply with what the PSLRA requires.  Courts in California and across the country have held that "demonstrably false statements" in a PSLRA certification "raise serious concerns regarding [the movant's] ability to adequately represent the class," *Burns v. UP Fintech Holding Ltd.*, 2024 WL 387261, at *5 (C.D. Cal. Jan. 30, 2024), and that a movant's "'willingness to make false statements under oath'" is itself disqualifying, *Camp v. Qualcomm Inc.*, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) (citation omitted).  While courts may waive the PSLRA's prohibition on serving as lead plaintiff in more than five cases in any three-year period for sophisticated institutional investors, that discretion cannot apply where, as here, the movant's substantial existing docket of active securities cases and other shareholder litigation is not evidence of sophistication but instead the very reason it submitted a sworn Certification attesting to trades that never occurred.  *See Ind. Pub. Ret. Sys. v. Rivian Auto., Inc.*, 2024 WL 5279156, at *3 n.5 (C.D. Cal. Oct. 24, 2024) ("waiving that restriction here would not promote the objectives of the PSLRA").

Because Oklahoma Firefighters failed to make a *prima facie* showing that it satisfies the Rule 23 requirements, it is ineligible for the PSLRA's most adequate plaintiff presumption.  The Public

Pension Funds have the largest financial interest of any qualified movant. Their motion should be granted.

## II.    ARGUMENT

### A.    Oklahoma Firefighters Is Ineligible for Appointment as Lead Plaintiff

"The 'most capable plaintiff' – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *In re Mersho*, 6 F.4th 891, 898-99 (9th Cir. 2021). To identify the presumptively most adequate plaintiff, the Court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 729-30. It "must then focus its attention on *that* plaintiff and determine, based on the information [it] has provided in [its] pleadings and declarations, whether [it] satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* at 730 (emphasis in original).

Oklahoma Firefighters does not trigger the PSLRA's rebuttable presumption because it has failed to provide information sufficient to demonstrate that it satisfies the Rule 23(a) criteria. The PSLRA's process for selecting a lead plaintiff begins with each movant's sworn certification. Without an accurate accounting of a movant's class period transactions, the Court cannot assess the threshold question of which movant holds the largest financial interest. Oklahoma Firefighters' Certification that listed four transactions that never occurred was false on its face and the belated correction filed after the deadline does not change that. The majority of courts refuse to consider post-deadline modifications to certifications or revised loss figures; Oklahoma Firefighters' corrected filing, submitted 13 days late, is precisely the kind of untimely modification courts decline to entertain. *See Singer v. Nicor, Inc.*, 2002 WL 31356419, at *3 (N.D. Ill. Oct. 17, 2002) ("[T]he court will not consider the candidates' amendments of their amount of financial loss made after the filing deadline."); *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999) ("The PSLRA is unequivocal and allows for no exceptions. . . . The plain language of the statute precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed *after* the sixty (60) day window has closed.") (emphasis in original). But the

THE PUBLIC PENSION FUNDS' OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS -
3:26-cv-01979-EMC                                                                                          - 2 -
4904-4972-2797.v1

timeliness issue is secondary. The more fundamental problem is that Oklahoma Firefighters signed a sworn Certification that was false, never caught the error itself, and filed a correction only after the competing motion was already on file.

That failure is independently disqualifying on adequacy grounds. Adequacy requires that the movant "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts have held that errors in a movant's PSLRA certification, and particularly errors that undermine the Court's ability to assess financial interest, are indicators of inadequacy.

Courts within the Ninth Circuit have applied this principle directly. In *Burns*, the court found that "demonstrably false statements" in a movant's certification "raise[d] serious concerns regarding [the movant's] ability to adequately represent the class," and that errors in the movant's "original [c]ertification signed under penalty of perjury further demonstrate[d]" that he "will not adequately represent the class," even where, as here, the movant filed a corrected certification on reply. 2024 WL 387261, at *5. Another Ninth Circuit court reached the same conclusion in *Camp*, finding that a movant's "'willingness to make false statements under oath contributes to the court's conclusion that [it] would not have been an adequate lead plaintiff'" and that the certification errors "underscore[d] the reliability of [the movant's] representations." 2019 WL 277360, at *3-*4 (citation omitted).

Courts across the country are in accord. In *Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019), the court denied appointment of the movant with the largest claimed financial interest because certification errors struck "at the core of the PSLRA's lead plaintiff inquiry: determining which movant holds the largest financial stake in the litigation." *Id* at *6. In *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, 2015 WL 1345931, at *3 (S.D.N.Y. Mar. 19, 2015), the court found that a movant's inability to provide accurate data in its certification left the court "unable to verify its claimed losses which 'undermines [its] adequacy' as lead plaintiff." Similarly, in *Plaut v. Goldman Sachs Grp., Inc.*, 2019 WL 4512774 (S.D.N.Y. Sept. 19, 2019), the court held that a certification error, even if inadvertent, "'nonetheless speak[s] to a level of carelessness," and causes me 'to doubt whether [movant] possesses the necessary adequacy and sophistication to be lead plaintiff'." *Id.* at *5 (citation omitted). And in *Rodriguez v. DraftKings Inc.*, 2021 WL 5282006, at *9 (S.D.N.Y. Nov. 12, 2021), the court declined to appoint a movant who

filed a corrected certification only after competitors identified the errors, because "[h]ad [movant] been serious about his responsibilities as a budding class representative, he should not have had to have been alerted to these basic errors in the first place." *See also Micholle v. Ophthotech Corp.*, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (errors in filings "militate against appointment and render [movant] inadequate to serve as lead plaintiff"); *In re Boeing Co. Aircraft Sec. Litig.*, 2020 WL 476658, at *5 (N.D. Ill. Jan. 28, 2020) (denying motion where certification errors demonstrated that movants either knowingly submitted incorrect information or failed to review their submissions before filing).

The errors at issue in those decisions were miscalculations, omitted transactions, and price discrepancies.  In each case, careless errors about trades the movant actually made.  Oklahoma Firefighters' error is categorically different.  It certified under penalty of perjury that it executed four specific transactions that were never actually executed by Oklahoma Firefighters.  ECF 36 at 1.  And Oklahoma Firefighters filed a corrected Certification only after a competing motion was already on file, waiting until the day before the opposition deadline to do so.  As the court found in *Salem v. Methode Elecs., Inc.*, 2025 WL 368955, at *3 (N.D. Ill. Feb. 3, 2025),"[a] careful review of [the movant's] certifications would have shown that they did not match the claimed losses," and "failure to discover and correct such errors demonstrates that a lead plaintiff will not adequately represent the class."

Courts in this District have enforced the principle that a movant with the largest financial interest is not automatically entitled to appointment when its submissions contain material errors.  In *Averza v. Super Micro Comput., Inc.*, 788 F. Supp. 3d 1060 (N.D. Cal. 2025), the court denied appointment of the presumptive lead plaintiff based in part on inaccurate filings regarding its ownership structure that the movant failed to fully correct even after being put on notice.  The court found that this pattern of "inattention and carelessness" was "symptomatic of the inattention and carelessness that the lead plaintiff selection process is intended to filter out," and cast serious doubt on the movant's ability to meet its obligations of candor to the court and the class.  *Id.* at 1082-83.  The Ninth Circuit affirmed, holding that the district court did not clearly err in denying the lead plaintiff motion based on filing inaccuracies and problematic deposition testimony.  *In re Crain*

*Walnut Shelling, LP*, 2026 WL 1252327, at \*3-\*8 (9th Cir. May 7, 2026).  Oklahoma Firefighters' filing of a sworn false Certification containing nonexistent trades compels the same result here.

The scope of Oklahoma Firefighters' existing litigation commitments makes this failure more telling, not less.  Its board minutes from March 20, 2026 (less than 7 weeks before it filed its motion) reflect active monitoring and supervision of no fewer than 18 separate securities and shareholder litigation matters, spanning multiple circuits, multiple counsel relationships, and multiple stages of litigation.  *See* Declaration of Kenneth P. Dolitsky in Support of the Public Pension Funds' Opposition to Competing Lead Plaintiff Motions, Ex. 1.  A central purpose of the PSLRA's lead plaintiff mechanism is to ensure the class is represented by a sophisticated investor who can "act like a 'real' client, carefully choosing counsel and monitoring counsel's performance to make sure that adequate representation [is] delivered at a reasonable price." *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001) (describing the congressional purpose behind the institutional investor preference).  That obligation begins on day one of the lead plaintiff process, when the movant must submit a verified, accurate certification of its own trading activity.  When an institutional investor is simultaneously managing nearly two dozen securities cases, there is a "non-speculative risk" that the oversight required to discharge that obligation faithfully will be wanting. *See Schaffer v. Horizon Pharma PLC*, 2016 WL 3566238, at \*3 (S.D.N.Y. June 27, 2016) (denying lead plaintiff motion where the record showed a non-speculative risk the movant would not adequately represent the class); *City of Warren Police & Fire Ret. Sys. v. World Wrestling Ent. Inc.*, 2020 WL 2614703, at \*2 (S.D.N.Y. May 22, 2020).  Oklahoma Firefighters' Certification failure is not an isolated accident; it is precisely the kind of oversight breakdown that results when an institutional investor's litigation commitments exceed its practical capacity to manage them.

That caseload also implicates an independent statutory concern.  The PSLRA provides that no person may serve as lead plaintiff in more than five securities class actions in any three-year period.  15 U.S.C. §78-4(a)(3)(B)(vi).  While courts can exercise their discretion to waive this limitation for sophisticated institutional investors, the rationale for that discretion does not hold where, as here, the movant already demonstrated that its existing obligations exceed its practical capacity for oversight.  *Ind. Pub. Ret. Sys.*, 2024 WL 5279156, at \*3 n.5 ("waiving that restriction

THE PUBLIC PENSION FUNDS' OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS - 3:26-cv-01979-EMC                                                                                            - 5 -
4904-4972-2797.v1

here would not promote the objectives of the PSLRA"). Oklahoma Firefighters' false Certification is precisely the type of failure to oversee its lawyers that forecloses the exception in this instance.

The Public Pension Funds present none of these concerns. They submitted a timely and accurate Certification, incurred losses of approximately $272,127 in Soleno Therapeutics, Inc. common stock as a result of defendants' alleged misconduct, and are not simultaneously overseeing a docket of 18 other securities cases. They are positioned to serve as the institutional fiduciary Congress sought to empower when it enacted the PSLRA.

## III.    CONCLUSION

Oklahoma Firefighters filed a PSLRA Certification under penalty of perjury that included four transactions it never executed, then filed a corrected Certification 13 days after the deadline. It never submitted the accurate, timely sworn statement the statute requires. Submitting a false certification under oath demonstrates the lack of diligence and oversight capacity that renders a movant unable to fairly and adequately represent the class – a problem that Oklahoma Firefighters' docket of 18 concurrent securities matters serves only to reinforce. Oklahoma Firefighters' motion should be denied, and the Public Pension Funds should be appointed Lead Plaintiff.

DATED: May 19, 2026                          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY


                                            s/ Kenneth P. Dolitsky
                                         KENNETH P. DOLITSKY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
shawnw@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff